# Robert J. Fileccia
Attorney @ Law

| | |
|---|---|
| 496 Willowbrook Road | Phone: 718-982-1573 |
| Staten Island, New York 10314 | Catchaprosecutor@aol.com |

October 12, 2023

Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12B
New York, NY 10007

Re: <u>Luis Villaneuva, et al. vs. G-Net Construction Corp., et al.</u>
Case: 1:22-cv-07199-JHR

Dear Judge Rearden,

   I represent the defendants in this proceeding. I respectfully request an informal pre-motion discovery conference <u>and</u> an extension of the October 13, 2023 discovery deadline pursuant to Local Rule 37.2 and Rule 3C of Your Honor's Individual Rules and Practices revised September 19, 2023. This is the first request for an informal discovery conference and second request for an extension of the discovery deadline. Five (5) party depositions have not been held and pursuant to Your Honor's Civil Case Management Plan and Scheduling Order, "Absent an Order of the Court, depositions shall not be held until all parties have responded to initial request for document production."

   DEFENDANTS' REQUEST AN INFORMAL PRE-MOTION DISCOVERY CONFERENCE

   I respectfully request an informal pre-motion discovery conference because the Plaintiffs

   a) failed to respond to the defendants' request for documents pursuant to Rule 34(b)(2)(e)(i) of the FRCP. The plaintiffs did not organize or label them to

1

correspond to the 46 categories in the Defendants request, and are withholding documents. Instead of emailing me a document response for each of the defendants' 46 document demands, Exhibit 1, the plaintiffs' lawyer Jason Mizrahi redirected me to some sort of "Dropbox", Exhibit 2. My clients and I found exactly 10 pictures and 21 charts in the Mizrahi Dropbox that I scanned *in seriatim* and attached hereto as Exhibit 3.

    i.   Mr. Mizrahi did not organize or label them to correspond to the categories in the Defendants document request in violation of Rule 34(b)(2)(e)(i) of the FRCP and

    ii.   On September 28, Mr. Mizrahi told Hon. Valerie Figueredo that he produced "Nearly fifty-two (52) separate excel worksheets …" –not 21–, which proves he is withholding a significant part of the discoverable evidence. See Document No. 49, page 2.

b) failed in part to respond to the Defendants' interrogatories pursuant to Local Civil Rule 33.3, and

c) failed to respond to my two written requests to meet and confer on the telephone.

Furthermore, since the four plaintiffs do not speak English, need a Spanish interpreter, and Mr. Mizrahi and members of his staff speak Spanish fluently, the defendants respectfully request a Court Order granting the defendants' additional time to depose each plaintiff to a maximum of 14 hours each, based on the general rule that the use of an

interpreter doubles the deposition time.  See *In re ACTOS Antitrust Litig.*, 1:13-cv-09244 (RA) (SDA), at *8 (S.D.N.Y. Nov. 5, 2022).

Finally, the defendants seek an Order directing the Plaintiffs to pay for the Spanish interpreters or portion thereof.

CERTIFICATION OF GOOD FAITH BY DEFENSE COUNSEL

I certify that I made a good faith attempt to resolve this discovery dispute.  I twice asked the Plaintiffs' lawyer Jason Mizrahi in writing to meet and confer on the telephone.  Mr. Mizrahi failed to respond.

On October 10 at 12:19am, I sent Mr. Mizrahi an email [Exhibit 4]:

> Dear Jason,
>
> You failed to respond to the Defendants' document demands pursuant to Rule 34(b)(2)(e)(i) of the FRCP.
>
> You failed to answer all of the Defendants' interrogatories despite the directives of Local Civil Rule 33.3.
>
> Please call me immediately pursuant to Hon. Jennifer Rearden's meet and confer Orders on page 4 of the Civil Case Management Plan and Scheduling Order.
>
> Thank you,
>
> Robert

I followed up with a second email later that evening at 11:44pm [Exhibit 5]:

> Dear Jason,
>
> What is you availability tomorrow to meet and confer on the telephone?
>
> Thank you, Robert

Mr. Mizrahi failed to respond to my last six (6) emails; the two above emails <u>and</u> four prior emails denominated Document Nos. 44-2, 46-1, 48-1, and email dated July 26, 2023.  <u>See</u> Exhibits 6, 7, 8, and 9.

THE PLAINTIFFS' FAILED TO RESPOND TO THE DEFENDANTS' REQUEST FOR DOCUMENTS PURSUANT TO RULE 34(B)(2)(E)(I)

On August 23, 2023, Your Honor granted my first request for an extension of time to complete discovery because I was diagnosed with Long Haul Covid and spike protein disease. Document No. 45.  Thank you for wishing me a speedy recovery.  Despite my circumstances, a) on August 17, I served the plaintiffs with document demands [Exhibit 1], and b) on August 19, I served the four plaintiffs with interrogatories. The plaintiffs' document responses were due on September 17.  I sent Jason Mizrahi two emails on September 7 and September 24 asking him when he anticipated completing his responses. Exhibit 7 and 8.  He ignored both emails let alone ask for my consent to an extension.

On September 28, Mr. Mizrahi responded *after* I filed a letter motion to reschedule the settlement conference with Hon. Valerie Figueredo, Document No. 48, because we were waiting for his document response.  Mr. Mizrahi did not serve or email me any documents.  Instead, he redirected me to some sort of "Dropbox" where my clients and I found exactly 10 pictures and 21 charts that are not labeled and do not correspond to any of the 46 categories in the defendants' document requests.  Even worse, on September 28, Mr. Mizrahi told Hon. Valerie Figueredo that he produced "Nearly fifty-two (52) separate excel worksheets …" –not 21–, which proves he is withholding a significant part of the discoverable evidence.  Exhibit 10.

Therefore, the defendants respectfully request an Order directing the Plaintiffs' counsel to email me 46 document responses corresponding to the defendants' 46 document demands, label them 1 to 46, and have them signed by Jason Mizrahi.  In this

4

way, the Plaintiffs will be held accountable for their responses by digital file size and digital signature.

Furthermore, the Plaintiffs did not answer any of the defendants' interrogatories and gave me the same blanket objection for all of them, many of which can be cured in a deposition. Exhibits 11-13.  However, the plaintiffs intentionally failed to respond to interrogatories requesting witnesses – Interrogatory No. 7(c) – that must be answered in the Southern District. Incredibly, the Plaintiffs also refused to answer a simple question, "Do you speak English?[1]" which clearly supports my request for additional time to depose each plaintiff to a maximum of 14 hours <u>each</u>.

In *In re ACTOS Antitrust Litig.*, 1:13-cv-09244 (RA) (SDA), at *8 (S.D.N.Y. Nov. 5, 2022), the court ruled,

> "Rule 30 also provides that, unless otherwise stipulated or ordered, a deposition is limited to one day of seven hours.  *See* Fed.R.Civ.P. 30(d)(1). Courts often allow additional time for a deposition where an interpreter is used. However, the amount of extra time permitted for foreign language depositions varies. *See Procaps S.A. v. Patheon Inc*., No. 12-CV-24356 (JG), 2015 WL 2090401, at *6 (S.D. Fla. May 5, 2015) ("To the extent that interpreters are used for either the 30(b)(6) deposition or the fact witness depositions, the time will be adjusted, **based on the rule that the use of an interpreter doubles the deposition time**."); *DRFP, LLC v. Venezuela*, No. 04-CV-00793 (TPK), 2015 WL 5244440, at *3 (S.D. Ohio Sept. 9, 2015)"
>
> [Emphasis added]

---

[1] Interrogatory No. 1.

DEFENDANTS' REQUEST FOR AN EXTENSION OF THE DISCOVERY DEADLINE

Therefore, based upon the foregoing and considering the time needed to prepare for five (5) party depositions, I respectfully request a 30-day extension of the discovery deadline *after* the discovery dispute is adjudicated. I do not believe an extension will affect any other scheduled deadline or court date. Hopefully, the Plaintiffs will voluntarily provide the 46 document responses and organize or label them to correspond to the 46 categories in the Defendants request before the October 30 pre-settlement conference submissions to Hon. Valerie Figueredo. See Document No. 50.

I sincerely thank Your Honor for this consideration.

Respectfully submitted,
/s/
Robert J. Fileccia, Esq.

cc: Jason Mizrahi, Esq. by ECF